IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALEX KEDAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  19-2113-CSB-EIL |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF TRANSPORTATION, by and through its attorney, Kwame Raoul, Attorney General for the State of Illinois, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

I.     Jurisdiction and Venue

1.     Kedas maintains that the IDOT retaliated against him in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a). This creates a federal question which vests this Court with jurisdiction under 28 U.S.C. §1331.

**RESPONSE: Defendant denies that it has retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964. Defendant admits that this Court has jurisdiction over Plaintiff's claims.**

2.     The allegations in this lawsuit relate to decisions regarding Kedas' employment with the IDOT. During all periods of time relevant to this lawsuit Kedas worked for the IDOT within the judicial confines of the Central District of Illinois.

**RESPONSE: Defendant admits the allegations in paragraph 2.**

II. Parties

3. Kedas is an adult resident of Vermillion County, Illinois. He is employed by the IDOT out of its District 5 location as a Senior Resident Engineer.

**RESPONSE: Defendant admits the allegations in paragraph 3.**

4. The IDOT is an agency of the State of Illinois. At all times relevant to this proceeding it employed in excess of 500 individuals.

**RESPONSE: Defendant admits the allegations in paragraph 4.**

III. Complaint

5. Kedas is employed by the IDOT as a Senior Resident Engineer. He works out of Region 5 of IDOT, the headquarters of which is in Paris, Illinois.

**RESPONSE: Defendant admits the allegations in paragraph 5.**

6. On approximately April 11, 2018, Kedas filed a charge of discrimination with both the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission. That charge alleged that the IDOT has violated his rights under Title VII of the Civil Rights Act of 1964. The EEOC assigned that case charge number 21B1801062.

**RESPONSE: Defendant admits the allegations in paragraph 6.**

7. The United States Equal Opportunity Commission issued Kedas a right to sue notice for charge number 21B1801062 and this lawsuit is being filed within 90 days of his receipt of that notice.

**RESPONSE: Defendant admits the allegations in paragraph 7.**

8. Kedas has worked for IDOT continuously since January 22, 1990.

**RESPONSE: Defendant admits the allegations in paragraph 8.**

9. At all times throughout his employment Kedas has performed his job duties in an effective manner and there has been no legitimate reason for the IDOT to question his job performance in any fashion.

**RESPONSE: Defendant denies the allegations in paragraph 9.**

10. Kedas was promoted into his current job title in April of 1998. In his current position he has responsibility for overseeing IDOT projects. He supervises a staff of approximately 12 or more. He is responsible for assuring contract enforcement and compliance with accounting documentation, staff development, and coordinating with many agencies.

**RESPONSE: Defendant admits the allegations in paragraph 10.**

11. Kedas' immediate supervisor is Jason Smith. At times relevant to this lawsuit Smith reported to Ken Crawford

**RESPONSE: Defendant admits the allegations in paragraph 11.**

12. Kedas has a co-worker Andrea Childers, who is also responsible for supervising IDOT construction projects. Childers is female.

**RESPONSE: Defendant admits the allegations in paragraph 12.**

13. On or about April 26, 2016, Kedas filed an internal complaint of disparate treatment on the basis of gender. This complaint related to favorable treatment that was being received by Childres.

**RESPONSE: Defendant denies the allegations in paragraph 13.**

14. Kedas' April 26, 2016, complaint constitutes protected activity under Title VII of the Civil Rights Act of 1964.

**RESPONSE: Defendant denies the allegations in paragraph 14.**

15. Subsequent to the filings of his April 26, 2016, complaint, his supervisors at the IDOT have engaged in a pattern of retaliation. This retaliation has included:

**RESPONSE: Defendant denies the allegations in paragraph 15.**

- Discipline for no basis

**RESPONSE: Defendant denies the allegations in this paragraph.**

- Taking away job responsibilities that has resulted in his career being hampered.

**RESPONSE: Defendant denies the allegations in this paragraph.**

- A hostile working environment has been created by his supervisors.

**RESPONSE: Defendant denies the allegations in this paragraph.**

- His job performance has been subjected to unwarranted scrutiny.

**RESPONSE: Defendant denies the allegations in this paragraph.**

- He has been ostracized by his supervisors.

**RESPONSE: Defendant denies the allegations in this paragraph.**

- His seniority status and project assignments have been reduced.

**RESPONSE: Defendant denies the allegations in this paragraph.**

16. The above referenced actions have had the effect of altering his employment. These actions are of the type that would dissuade a reasonable person from engaging in activities that are protected by Title VII of the Civil Rights Act of 1964.

**RESPONSE: Defendant denies the allegations in paragraph 16.**

17. As a result of the foregoing, Kedas has been subjected to unlawful retaliation in violation of his rights under Title VII of the Civil Rights Act of 1964.

**RESPONSE: Defendant denies the allegations in paragraph 17.**

18. Kedas has suffered damages as a result of the retaliatory actions described above. These damages have included loss of wages, damage to his professional reputation, and emotional distress damages. Additionally, the value of his pension has been diminished.

**RESPONSE: Defendant denies the allegations in paragraph 18.**

Wherefore, Kedas requests that judgment be entered in his favor and that the following relief be granted:

1. That he be awarded damages to compensate him for the injuries that he has sustained as a result of the violation of his rights;

**RESPONSE: Defendant denies that Plaintiff is entitled to any relief.**

2. That a determination be made that the IDOT has violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964;

**RESPONSE: Defendant denies that Plaintiff is entitled to any relief.**

3. That all of his attorney fees and costs associated with pursing this matter be paid; and

**RESPONSE: Defendant denies the Plaintiff is entitled to any relief.**

4. Other relief that the Court deems appropriate.

**RESPONSE: Defendant denies that Plaintiff is entitled to any relief.**

## Jury Demand

1. Defendant demands trial by jury.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defense, Defendant states as follows:

1. For any issues not previously raised before the EEOC, Plaintiff has failed to exhaust his administrative remedies.

2.	For any issue beyond the scope of Plaintiff's EEOC charge, Plaintiff has failed to exhaust his administrative remedies.

3.	Pursuant to *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998), Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and Plaintiff unreasonably failed to take advantage of any preventable or corrective opportunities provided by Defendant or to otherwise avoid harm.

4.	To the extent Plaintiff's 2018 EEOC charge relates to 2016 conduct, Plaintiff failed to timely file his claim. *See* 42 U.S.C. 2000e-5(e).

5.	Plaintiff failed to mitigate damages.

>Respectfully submitted,
>
>ILLINOIS DEPARTMENT
> OF TRANSPORTATION,
>
>>Defendant,
>
>KWAME RAOUL, Attorney General
>of the State of Illinois,
>
>>Attorney for Defendant,
>
>By:  s/ Dylan P. Grady
>>Dylan P. Grady #6309120
>>Assistant Attorney General
>>500 South Second Street
>>Springfield, IL  62701
>>(217) 782-1841 (Phone)
>>(217) 782-8767 (Fax)
>>Email: dgrady@atg.state.il.us
>> & gls@atg.state.il.us

**Case No. 19-2113-CSB-EIL**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2019, I caused a copy of the foregoing *Defendant's Answer and Affirmative Defenses* to be electronically filed with the Clerk of the Court, using the CM/ECF system which will send electronic notice of same to the following:

      John Baker at bms@bbklegal.com

      Respectfully submitted,

       s/ Dylan P. Grady
        Dylan P. Grady
        Assistant Attorney General

Dylan P. Grady, #6309120
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 782-1841 Phone
(217) 782-8767 Fax
Email: dgrady@atg.state.il.us
  & gls@atg.state.il.us