IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALEX KEDAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-2113 |
| | ) |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**Final Pre-trial Order**

This matter came before the Court for a final pre-trial conference that was held pursuant to Fed.R.Civ.P. 16 and Local Rule 16.3 on August 5, 2022. The Plaintiff, Alex Kedas ("Kedas"), was represented by his counsel of record, John A. Baker. The Defendant, Illinois Department of Corrections ("IDOT), was represented by its attorneys, Taylor Traynoff and Maria D. Gray.

The following action was taken:

**Nature of Action**

Kedas filed his lawsuit against IDOT on April 30, 2019 (Dkt. 1). He filed an amended complaint on July 29, 2019 (Dkt. 11) and that complaint was answered by IDOT on August 12, 2019 (Dkt. 12). Kedas' claim is that he was retaliated against in violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a).

At the close of discovery IDOT filed a motion seeking summary judgment (Dkt. 30 & 31). On July 15, 2020, this Court entered an order denying the motion for summary judgment, however, the order limited the issues that Kedas could present at trial (Dkt. 47). The Court concluded that there were three separate adverse employment actions that survived summary judgment and could be presented to a jury: (1) June 2016 referral to counseling; (2) June 2016 negative performance evaluation; and (3) February 2018 assignment of projects below the $2 million threshold for his position (Dkt. 47, p. 33). The Court went on to conclude

1

that there was an insufficient causal link between the 2018 job assignments and any protected activities of Kedas to support a claim for retaliation (Dkt. 47, p. 35).

In light of this Court's summary judgment ruling, the issues remaining to be presented to the jury as it relates to liability are:

1. Was the June 2016 counseling retaliatory under Title VII?

2. Was Kedas' June 2016 job evaluation retaliatory?

IDOT maintains that it did not take any retaliatory actions against Kedas and that it had a legitimate basis to take any actions it took against him

**Joint Statement**

### A. Statement of the Case

In this case, Alex Kedas contends that the Illinois Department of Transportation retaliated against him in violation of federal law. Kedas contends that he has engaged in an activity that is protected by federal law. He maintains that he filed an internal complaint that alleged discrimination with the Department on April 26, 2016. Kedas contends that he was retaliated against because of engaging in that protected activity. The Department of Transportation maintains that Kedas' protected activities played no role in the actions it took against him.

### B. Jurisdiction

This is a civil case arising under 42 U.S.C.§ 2000e-3(a). This Court has jurisdiction to hear the case because it involves a federal question. 28 U.S.C. § 1331.

### C. Uncontested Issues of Fact

The parties have discussed the issue of uncontested issues of fact. While there are facts that are not in dispute, the parties agree that those facts would necessarily be presented at trial even if a stipulation were entered. For that reason the parties are not stipulating to any facts.

### D. Contested Issues of Fact

1. In his complaint Kedas originally alleged he engaged in two separate protected activities. In light of this Court's summary judgment holding, the only issue that remains is whether Kedas engaged in protected activity on April 26, 2016, by making an internal complaint of

        discrimination.

2.     In light of this Court's summary judgment holding, Kedas contends that he was retaliated against when he was subjected to retaliation from IDOT for engaging in protected activity.

3.     Whether or not, as a result of the filing of his April 26, 2016, complaint, Kedas' supervisors at IDOT engaged in either of the following retaliatory acts:

    A.     Subjecting him to a counseling in June of 2016; and/or

    B.     Whether Kedas' June 2016 performance evaluation was retaliatory?

4.     The parties dispute what, if any, damages Kedas has sustained.

## E. Uncontested Issues of Law

1.     Kedas' complaint against IDOT is brought under a federal statute. Specifically he alleges a violation of the anti-retaliation provisions of Title VII, 42 U.S.C. § 2000e-3(a). This Court has jurisdiction to hear this case because it involves a federal question. 28 U.S.C. § 1331.

2.     The parties agree that the issue of economic damages (back pay/benefits and front pay/benefits) are equitable issues that should be decided by the Court and not by a jury. The parties are in agreement that if Kedas is successful on his liability claim that the issue of economic damages should be determined by the Court in a hearing or briefing that will be conducted after the jury trial. *See Morris v. BNSF Ry. Co.*, 969 F.3d 753, 767 (7th Cir. 2020). In this sense the parties agree that the trial should be partially bifurcated as outlined below.

3.     The parties agree that after the Court's ruling on the summary judgment motion (Dkt. 47), that there remain two instances of alleged retaliation for the jury to consider: (1) was the June 2016 counseling retaliatory; and/or was Kedas June 2016 performance evaluation retaliatory? The parties believe that a special interrogatory should be directed to the jury as to their finding as to whether each one was retaliatory under Title VII. Should the jury find that neither were retaliatory or only that the counseling session was retaliatory there will be no reason for the Court to consider the issue of economic damages. If the jury finds that the June 2016 performance evaluation was retaliatory the Court will conduct a

hearing or briefing as to the issue of economic damages stemming from that incident.[1]

    4.    While IDOT disputes Kedas' entitlement to non-economic damages, it is agreed by the parties that the issue of such damages is to be decided by a jury and not by the Court.

    5.    The parties have submitted some mutually agreed upon jury instructions.

**F.  Contested Issues of Law**

    1.    The parties dispute some jury directions as outlined in their previous submissions.

    2.    To the extent that it is necessary to preserve their respective rights to appeal, the parties each dispute some of the issues resolved by the summary judgment opinion. This having been said, the parties recognize that, for the purposes of the trial of this case, the issues that will remain for trial are governed by the Court's summary judgment order (Dkt. 47).

    3.    Whether IDOT retaliated against Kedas in violation of Title VII.

**F.  Jury Demand**

Kedas has previously made a demand that his claims be tried by a jury. Because no waiver of that demand has been made, this proceeding shall be tried, in part, before a jury.

**Plaintiff's Statement**

**A. Statement of Damages**

Kedas seeks damages for lost wages and emotional distress/harm.  He also seeks an award of attorney fees should he prevail.  The parties agree that the issue

---

[1] Kedas maintains that there was a merit bonus program in place and the score he received on the 2016 evaluation was used to determine whether he received a bonus. If the jury concludes that the 2016 was retaliatory the issue of Kedas' entitlement to the bonus and the amount of the bonus are equitable issues for the Court to determine. IDOT denies that Kedas is entitled to any damages.

of economic damages is one for the Court to decide should Kedas prevail on the issue of liability.  For that reason the parties agree that any damages calculation or damages exhibits would be submitted at a later date should it be necessary to do so.

## Exhibits Attached

The following are attached as exhibits to this order and are made a part hereof:

    A.    Kedas's witness list
    B.    IDOT's witness list
    C.    Kedas's exhibit list
    D.    IDOT's exhibit list

## General Additional

It is understood by the parties that:

1. The parties do not anticipate filing any trial briefs.  All motions in limine have already been filed.

2. A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice to any other party.

3. It is mutually estimated that the length of this trial will not exceed 4 full days. Jury selection shall commence on August 30, 2022, at 9:00 a.m.

4. This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice.  Such modification may be made either on motion of counsel for any party or on the Court's own motion.

5. The parties do not seek to call any medical providers.

6. Each party reserves the right to offer into evidence any depositions or portions thereof as provided for under Federal Rule of Civil Procedure 32.

7. The parties previously submitted proposed jury instructions to the

Court. Any additional proposed jury instructions shall be submitted to the Court no later than the jury instruction conference. Further, there is reserved to counsel for the respective parties the right to submit supplemental proposed jury instructions during the course of the trial or at the conclusion of the evidence as the evidence might dictate.

IT IS SO ORDERED.

Entered this 25th day of August, 2022.

s/Colin Stirling Bruce
United States District Judge

Approved as to form and substance:

/s/ John A. Baker

John A. Baker
Attorney for Plaintiff
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
T:  (217) 522-3445
F:  (217) 522-8234
E:  jab@bbklegal.com


/s/ Taylor R. Traynoff

Taylor R. Traynoff
Assistant Attorney General
Office of the Attorney General
500 S. Second Street
Springfield, Illinois 62701
T:  (217) 785-4555
E:  taylor.traynoff@ilag.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALEX KEDAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.   19-cv-2113 |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) |
| Defendant. | ) |

**Plaintiff's Amended Witness List**

| | |
|---|---|
| Alex Kedas | Tilton, Illinois |
| Kensil Garnett (Adverse) | IDOT Employee |
| Jason Smith (Adverse) | IDOT Employee |
| Evaristo Quiroz | IDOT Employee |
| Ken Crawford (Adverse) | IDOT Employee |
| Stacey Lawton | IDOT Employee |

**DEFENDANT'S WITNESS LIST**

**Case:** Kedas v. IDOT       **Case No.:** 19-2113       **Page** 1 of 1

| WITNESS NAME | ADDRESS | EXPERT | ADVERSE |
|---|---|---|---|
| Alex Kedas | | | X |
| Jason Smith | c/o Taylor Traynoff Office of the Illinois Attorney General | | |
| Kenneth Crawford | c/o Taylor Traynoff Office of the Illinois Attorney General | | |
| Jason Smith | c/o Taylor Traynoff Office of the Illinois Attorney General | | |
| Kensil Garnett | c/o Taylor Traynoff Office of the Illinois Attorney General | | |
| Lugene Joines | c/o Taylor Traynoff Office of the Illinois Attorney General | | |
| Michael Carnahan | c/o Taylor Traynoff Office of the Illinois Attorney General | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ALEX KEDAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-2113 |
| | ) | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## Plaintiff's Amended Exhibit List

| Exhibit | Date Offered | Marked | Admitted | Description |
|---|---|---|---|---|
| 1 | | | | Senior Resident Engineer Job Description dated April 17, 2006 (Kedas 69-70) |
| 2 | | | | Senior Resident Engineer Job Description dated July 2, 2008 (IDOT 1467-1468) |
| 3 | | | | Resident Technician Job Description dated February 8, 2011 (MSJ App. 8-9) |
| 4 | | | | Kedas evaluation dated June 25, 2015 (IDOT 88-93) |
| 5 | | | | Kedas email to Timothy Morris dated April 26, 2016 |
| 6 | | | | Kedas Counseling memo dated June 1, 2016 |
| 7 | | | | Kedas evaluation dated June 24, 2016 (Kedas 359-362) |
| 8 | | | | Kedas response to evaluation dated August 23, 2016 (Kedas 152-183) |
| 9 | | | | Merit Incentive Bonuses District 5 |

| | | | | |
|---|---|---|---|---|
| 10 | | | | Alex Kedas resume |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ALEX KEDAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-2113 |
| | ) | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S EXHIBIT LIST**

| No. | DESCRIPTION | ADMIT WITHOUT OBJECTION | AUTHENTICATION WAIVED | OBJECTION |
|---|---|---|---|---|
| 1 | April 26, 2016 Email, Bates stamp 000676-000680 | | | |
| 2 | June 1, 2016 counseling, Bates-stamp 000280 | | | |
| 3 | Kedas June 24, 2016 evaluation, Bates-stamped 000646-000649 | | | |
| 4 | Nov. 12, 2014 Notice of Disciplinary Action, Bates-stamp 000288 | | | |
| 5 | April 9, 2014 Carnahan Kedas discussion summary, Bates-stamped 000291-000292 | | | |

| | | | | |
|---|---|---|---|---|
| 6 | Feb. 8, 2011 Resident Technician Job Description, Bates-stamp Kedas MSJ App. 8-9 | | | |
| 7 | FY 2017 Employee Evaluation, Bates stamp No. 000362-000365 | | | |
| 8 | Kedas 2014 evaluation Bates-stamp 000603-000608 | | | |
| 9 | Kedas June 25, 2015 Evaluation Bates stamp 000598-000601 | | | |
| 10 | 2008 Position description, Bates stamp 000596-000597 | | | |
| 11 | Alex Kedas Deposition Transcript | | | |
| 12 | Kensil Garnett Deposition Transcript | | | |
| 13 | Jason Smith Deposition Transcript | | | |
| 14 | Kenneth Crawford Deposition Transcript | | | |
| 15 | Kedas Interrogatory Responses | | | |

| | | | | |
|---|---|---|---|---|
| 16 | Plaintiff's second amended complaint | | | |