E-FILED
Thursday, 01 September, 2022  01:34:34 PM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and will shortly hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Court's Instruction No. 1**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.01 (modified to court procedure)

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Court's Instruction No. 2** (Agreed 2)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.02

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

In this case, the defendant is a state agency. All parties are equal before the law. A governmental agency is entitled to the same fair consideration that you would give any individual person.

**Court's Instruction No. 3** (Agreed 3)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.03 (modified)

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Court's Instruction No. 4** (Agreed 4)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.04

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

**Court's Instruction No. 5** (Agreed 5)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.06

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Court's Instruction No. 6** (Agreed 6)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.07

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Court's Instruction No. 7** (Agreed 7)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.08

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Court's Instruction No. 8** (Agreed 8)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.09

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Court's Instruction No. 9** (Agreed 9)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.11

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Court's Instruction No. 10** (Agreed 10)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.12

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Court's Instruction No. 11** (Agreed 11)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.13

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Court's Instruction No. 12** (Defendant's 1)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.14

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

It is proper for a lawyer to meet with any witness in preparation for trial.

**Court's Instruction No. 13** (Defendant's 2)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.16

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Court's Instruction No. 14** (Agreed 12)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.17

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Court's Instruction No. 15** (Agreed 13)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.18

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Court's Instruction No. 16** (Agreed 14)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.27

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

Plaintiff, Alex Kedas, claims that he was (1) referred to counseling in June 2016 and/or (2) received a downgraded performance evaluation in June 2016 from Defendant, the Illinois Department of Transportation, in retaliation for his complaint of discrimination on the basis of gender. To succeed on this claim, Plaintiff must prove two things by a preponderance of the evidence:

1.    His complaint of discrimination was based on a reasonable, good faith belief that he was opposing disparate treatment on the basis of gender. This does not, however, require Plaintiff to show that what he believed was correct.

2.    Defendant would not have referred Plaintiff to counseling in June 2016 and/or downgraded his evaluation in June 2016 if Plaintiff had not complained about discrimination but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

**Court's Instruction No. 17**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 3.02 (modified)

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

In deciding Plaintiff's claim, you should not concern yourself with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant referred Plaintiff to counseling in June 2016 and/or downgraded his evaluation in June 2016 in retaliation for complaining about discrimination.

**Court's Instruction No. 18** (Defendant's 7)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 3.07 (modified)

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

**Court's Instruction No. 19** (Agreed 15)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 3.09 (modified)

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The mental or emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar amount of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

**Court's Instruction No. 20** (Agreed 16)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 3.10 (modified)

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

Page 22

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Court's Instruction No. 21** (Agreed 17)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.32

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Court's Instruction No. 22** (Agreed 18)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.33

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

The verdict form reads as follows.

**Court's Instruction No. 23** (Agreed 19)

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.34

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **ALEX KEDAS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 19-CV-2113** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **TRANSPORTATION,** ) | |
| ) | |
| Defendant. ) | |

**JURY VERDICT**

1.   Did Alex Kedas prove that his complaint of discrimination was based on a reasonable, good faith belief that he was opposing disparate treatment on the basis of gender?

   Yes: _____          No: _____

   (If you answered "Yes" to question 1, answer the next question; if you answered "No," proceed to sign and date the verdict form.)

2.   Did the Illinois Department of Transportation refer Plaintiff to counseling in June 2016 because he complained of discrimination on the basis of gender?

   Yes: _____          No: _____

3.   Did the Illinois Department of Transportation downgrade Plaintiff's June 2016 evaluation because he complained of discrimination on the basis of gender?

   Yes: _____          No: _____

   (If you answered "No" to *both* questions 2 *and* 3, proceed to sign and date the verdict form; otherwise, answer question 4.)

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

4.   Did Alex Kedas suffer mental or emotional pain as a result of his referral to counseling and/or his downgrade in evaluation?

Yes: _____            No: _____

(If you answered "Yes" to question 4, answer the next question; if you answered "No," proceed to sign and date the Verdict Form.)

5.   What amount would fairly compensate Alex Kedas for the mental or emotional pain he experienced as a result of retaliation by the Illinois Department of Transportation?

Answer: $_____


Sign, date, and return this Verdict Form.

_____
Presiding Juror


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____


                                            DATE: _____

**Court's Instruction No. 24**

Verdict Form


Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

Page 27